**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-123-DLB**

**YOEL GONZALEZ GARCIA**                                    **PETITIONER**


**v.**                    **MEMORANDUM OPINION AND ORDER**


**DIRECTOR BOONE COUNTY JAIL, et al.**                      **RESPONDENTS**

**\* \* \* \* \* \* \* \* \* \***

## I.    INTRODUCTION

This matter is before the Court upon Petitioner Yoel Gonzalez-Garcia's Petition for Writ of Habeas Corpus (Doc. # 1).  Respondents filed their Responses (Docs. # 5 and 6) and Petitioner having failed to file a timely reply, the matter is now ripe for the Court's review.  For the following reasons, the Court will **grant** the Petition.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Yoel Gonzalez-Garcia is a native and citizen of Cuba who entered the United States without inspection on or about April 10, 2021 near San Luis, Arizona.  (Doc. # 1-1 at 2).  He was detained by Customs and Border Patrol agents ("CBP") before being released on an Order of Release on Recognizance.  (Doc. # 5 at 1–2).  Within a year of arriving in the United States, Gonzalez-Garcia applied for asylum and applied for Adjustment of Status under the Cuban Adjustment Act ("CAA"), both of which remain pending to date.  (Doc. # 4 at 1).

While his applications were pending, on March 20, 2025, Gonzalez-Garcia was arrested by ICE officials at his home and transferred to the Boone County Jail in

1

Burlington, Kentucky, where he remains detained to date. (Doc. # 1-1 at 2). He was served with an I-200 "Warrant for Arrest of Alien," authorizing his apprehension and detention pursuant to 8 U.S.C. § 1226 (Doc. # 5-4) and a Notice to Appear before an immigration judge ("IJ"). He received a bond hearing on April 25, 2025, where the IJ denied him bond under 8 U.S.C. § 1225(b)(1) under the guidance of *Matter of M-S-*, 27 I&N Dec. 509 (A.G. 2019). (Doc. # 5 at 2). He has remained at the Boone County Jail since his initial detention in March 2025. (*Id.*).

On March 19, 2026, nearly a year from the date he was initially detained by ICE, Gonzalez-Garcia filed the instant Petition for Writ of Habeas Corpus through his next friend, Yarileivys Castellanos Bell. (Doc. # 1). In his Petition, Gonzalez-Garcia requests that this Court order his immediate release or, alternatively, a bond hearing. (*Id*. at 8). On March 20, 2026, the Court issued an order directing Respondents to respond to the Petition. (Doc. # 3). Respondents filed their Responses (Docs. # 5 and 6) and Gonzalez-Garcia failed to file a timely Reply. Accordingly, the Petition is ripe for the Court's review.

## III.    ANALYSIS

Gonzalez-Garcia's Petition alleges that his present detention violates his due process rights under the Fifth Amendment. (Doc. # 1 at 7). Specifically, he contends he is entitled to immediate release or, alternatively, a bond hearing at which the Government is required to justify his detention as necessary by clear and convincing evidence. (*Id*. at 8).

### A.    Next Friend

Before addressing Gonzalez-Garcia's substantive case, the Court must determine whether Gonzalez-Garcia's Petition may continue through his next friend, Yarileivys

Castellanos Bell. Ms. Bell is Gonzalez-Garcia's partner and the mother of his son. (Doc. # 4 at 1). She has submitted both Gonzalez-Garcia's Petition (Doc. # 1) and a Memorandum in Support of his Petition (Doc. # 4) on his behalf. Respondents maintain that Bell may not proceed as Gonzalez-Garcia's next friend because she has not met the two requirements to satisfy "next friend" status. (Doc. # 5 at 2–3).

A petition for writ of habeas corpus may be submitted by either "the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242; *see also Whitmore v. Arkansas*, 495 U.S. 149, 162–163 (1990). The next friend does not become a party to the habeas action, but instead "pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163. In Whitmore, the Supreme Court established that one wanting to act in a next friend capacity must show (1) an adequate explanation for why the real party in interest cannot appear on his own behalf to prosecute the action, and (2) he or she is truly dedicated to the best interests of the person on whose behalf he or she seeks to litigate. *Id*. at 163–64. "'[A] next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee . . . could file the petition.'" *Moiseev by Kandashkina v. Raycraft*, No. 1:26-CV-1446, 2026 WL 1413110, at *2 (W.D. Mich. May 20, 2026) (quoting Wilson v. Lane, 870 F. 2d 1250, 1253 (7th Cir. 1989)).

Here, Bell has made the requisite showing to proceed as Gonzalez-Garcia's next friend. First, the pleadings filed on Gonzalez-Garcia's behalf indicate that the Boone County Jail interfered with Gonzalez-Garcia's ability to review and file his petition. Gonzalez-Garcia's Petition indicates that Gonzalez-Garcia could not access "the documents necessary . . . to complete and submit his habeas corpus petition" because

3

the facility did not deliver him those documents.  (Doc. # 1-1 at 3 ("However, [Boone County] did not allow the delivery of [documents relevant to Gonzalez-Garcia's petition], incorrectly claiming that the envelope contained 'photos' or other prohibited items. . . .")). The Petition further indicates that the document file contained no such photos or other contraband, such that the facility not allowing Gonzalez-Garcia to access his documents "obstructed his ability to exercise his fundamental right to request judicial review of his detention."  (*Id*.).  The Court finds that this is sufficient to meet the first prong of establishing next friend standing.

Bell can also meet the second prong.  She claims to be his partner and the mother of his young child.  (*Id*.).  She and Gonzalez-Garcia own a home together and he serves as the primary financial support of the family.  (*Id*.).  The Court does not doubt her sincerity and finds that Bell is dedicated to Gonzalez-Garcia's best interests in this case. Accordingly, the Court will allow Bell to proceed as Gonzalez-Garcia's next friend.

## B.    Relevant Framework

On May 11, 2026, the Sixth Circuit issued its decision in *Lopez-Campos et al. v. Raycraft et al.*, wherein it determined that § 1226 is the properly applied statutory provision for detaining noncitizens like Gonzalez-Garcia who are not "seeking admission" into the United States.  --- F.4th ---, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026).  In its opinion, the Sixth Circuit affirmed the judgments of four district courts below, determining that the "text, canons, and past practice" of two statutes all support the conclusion that the petitioners were not subject to the mandatory detention provisions of § 1225.  *Id*. at *6.  Accordingly, the Circuit rejected the government's position that § 1225 governs noncitizen detainees, concluding that "[t]o hold otherwise would subject long-

4

term law-abiding residents in the United States. . . to the hardship of mandatory detention without due process." *Id*. at *13.

The same reasoning applies here. Gonzalez-Garcia has been in the United States for roughly five years. (Doc. # 1-1 at 2). After being detained at the border he was released into the country years prior to his present detention. (*Id.*). Accordingly, pursuant to the Sixth Circuit's recent opinion in *Lopez-Campos*, the Court concludes that § 1226 governs Gonzalez-Garcia's detention.

### C.    Due Process

Because the Court has concluded that § 1226(a) is the appropriate statutory framework to apply to Gonzalez-Garcia, the Court must now determine whether his present detention violates his due process rights. The Sixth Circuit has concluded that petitioners like Gonzalez-Garcia have "passed through our gates" which affords them protection by the Fifth Amendment's Due Process Clause. *See Lopez-Campos*, 2026 WL 1283891, at *11.

The Court recognizes that Gonzalez-Garcia was given a bond hearing in April 2025. (*See* Doc. # 1-1 at 2). However, that bond hearing took place over a year ago and occurred under the auspices of 8 U.S.C. § 1225, which the Sixth Circuit recently determined does not apply to noncitizens like Gonzalez-Garcia. Further, while this Court is barred by § 1226(e) from reviewing discretionary decisions of IJs, the Court may review the procedures of the bond hearings to evaluate whether they were constitutionally adequate. Gonzalez-Garcia's prior bond hearing took place under an entirely different and unapplicable analytical framework. (*See* Doc. # 5 at 4–5). As such, the Court finds

it necessary to evaluate whether due process requires Gonzalez-Garcia receive a second bond hearing.

The Fifth Amendment provides, in pertinent part, that no person shall be "deprived of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  The Supreme Court has repeatedly held that the Due Process Clause extends to all persons, regardless of citizenship status.  *See A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) ("[T]he Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (quoting *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025))).  To determine whether a detainee's due process rights have been violated, courts apply a three-part balancing test to weigh

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 321 (1976).

It is undisputed that Gonzalez-Garcia has a cognizable liberty interest in avoiding detention.  *See Lopez-Campos*, 2026 WL 1283891, at *13 (a person's liberty interest in being free from detention "is the most fundamental interest protected by the Due Process Clause and is shared by citizens and noncitizens alike."); *Hamdi v. Rumsfeld*, 542 U.S. 507, 531 (6th Cir. 2004) (affirming "the fundamental nature of a citizen's right to be free from involuntary confinement by his own government without due process of law[.]").  Indeed, "[f]reedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause[.]"  *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992*); see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("Freedom from imprisonment—

6

from government custody, detention, or other forms of physical restraint—lies at the heart of the very liberty that [the Due Process Clause] protects."). Our immigration law has long recognized that noncitizens have an interest in an individualized hearing prior to detention in connection with immigration proceedings. *See Yamataya v. Fisher*, 189 U.S. 86, 101 (1903). Further, the Supreme Court has previously required individualized hearings for deprivations of interests less fundamental than Gonzalez-Garcia's interest in freedom from detention. *See Goldberg v. Kelly*, 397 U.S. 254, 268 (1970) (requiring an individualized hearing prior to the termination of welfare benefits).

Second, the risk of erroneous deprivation of that interest is high if Gonzalez-Garcia is not afforded a second detention hearing. *See Edahi v. Lewis*, No. 4:25-cv-129-RGJ, 2025 WL 3466682, at *14 (W.D. Ky. Nov. 27, 2025) (holding that detention "without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest") (citation omitted); *Yao v. Almodovar*, No. 25 Civ. 9983 (PAE), 2025 WL 3653433, at *11 (S.D.N.Y. Dec. 17, 2025) (finding that ICE's "discretion-free detention of [the petitioner] abridged his rights under [8 U.S.C.] § 1226 and violated due process") (citations omitted). To date, Gonzalez-Garcia has been detained for more than a year and has received only one bond hearing under an erroneous legal provision. The Sixth's Circuit's caselaw regarding noncitizen detentions has changed since his first hearing. *See Lopez-Campos*, 2026 WL 1283891, at *11. His bond hearing was more than a year ago and he has been detained without recourse since. Given that, Gonzalez-Garcia's present detention without a bond hearing creates a high risk of an erroneous deprivation of his liberty interest. Accordingly, the second *Mathews* factor favors Gonzalez-Garcia.

As to the third factor, Respondents have not put forth any argument whatsoever advocating for the United States' interest. The Court, on its own, concludes that the United States likely has a strong interest in immigration proceedings, but certainly, the "existing statutory and regulatory safeguards" which this Court discussed at length about above, "serve the governmental interest in public safety." *Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *7 (W.D. Ky. Sept. 19, 2025) (quoting *Günaydin v. Trump*, No. 25-cv-01151, 2025 WL 1459154, at *10 (D. Minn. May 21, 2025)). Accordingly, all three factors weigh in favor of Gonzalez-Garcia.

Gonzalez-Garcia claims that immediate release is the most appropriate remedy in this case. (Doc. # 1 at 8). This Court agrees with Petitioner that his Fifth Amendment due process rights were violated when he was detained for more than a year without access to an appropriate individualized hearing. However, the Court disagrees that immediate release is the proper remedy. Rather, this Court agrees with other district courts in the country which have concluded that the proper remedy to this violation is a constitutionally adequate bond hearing in which the government bears the burden of proof by clear and convincing evidence. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("[T]he government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)"); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2nd Cir. 2020) (finding that the "district court correctly ordered a new bond hearing where the Government bore the burden of proof"); *Azalyar v. Raycraft*, No. 1:25-cv-916, 2026 WL 30741, at *5 (S.D. Ohio Jan. 2, 2026) ("Respondents must provide a custody redetermination hearing at which the government bears the burden of justifying [the petitioner's] continued detention"); *Rajesh v. Barr*, 420 F. Supp.

8

3d 78, 87-88 (W.D.N.Y. Oct. 29, 2019) ("The Court agrees with the district court cases holding that allocating the burden to a noncriminal alien to prove he should be released on bond under § 1226(a) violates due process because it asks '[t]he individual . . . to share equally with society the risk of error when the possible injury to the individual is significantly greater than any possible harm to the [Government]'" (quoting *Addington v. Texas*, 441 U.S. 418, 427 (1979))).

## IV.    CONCLUSION

Accordingly, for the reasons stated herein, **IT IS SO ORDERED** as follows:

(1)    Gonzalez-Garcia's Petition for Writ of Habeas Corpus (Doc. # 1) is **GRANTED**;

(2)    Respondents are **ORDERED** to **immediately release** Petitioner, or in the alternative, provide him with a **constitutionally adequate bond hearing in which the government bears the burden of proof** under 8 U.S.C. § 1226(a) **within seven (7) days of the date of this Order**; and

(3)    Respondents shall file a Status Report with this Court **on or before June 11, 2026** to certify compliance with this Order.  The Status Report shall include when the bond hearing occurred, if bond was granted or denied, and if denied, the reasons for that denial.

This 28th day of May, 2026.



Signed By:

*David L. Bunning*

Chief United States District Judge

G:Judge-DLB\DATA\ORDERS\Cov2026\26-123 MOO re Habeas Petition.docx